# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLAUDE SALOIS,** | : | **CIVIL NO. 1:19-CV-0993** |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| v. | : | |
| **SCI-ROCKVIEW MEDICAL DEPARTMENT,** | : | |
| **Defendant** | : | |

## **ORDER**

AND NOW, this 27th day of November, 2019, upon consideration of the motion (Doc. 4) to dismiss filed by the State Correctional Institution at Rockview Medical Department, the sole named defendant in this action, and in order for plaintiff to state a claim under 42 U.S.C. § 1983, he must allege a deprivation of a federally protected right, and that this deprivation was committed by a person acting under color of state law, see Woloszyn v. County of Lawrence, 396 F.3d 314, 319 (3d Cir. 2005), and it being well-settled that a department within a correctional institution, such as the Medical Department at SCI-Rockview, does not qualify as a person within the meaning of § 1983, see, e.g., Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (per curiam) (holding that the New Jersey Prison Medical Department is a state agency that cannot be sued under § 1983 because it is not a person) and, thus, the SCI-Rockview Medical Department is not a suitable entity for a § 1983 claim and is entitled to dismissal from this action, and, furthermore, upon consideration of plaintiff's *pro se* status, he will be afforded an opportunity to file an

amended complaint in this action attempting to state an actionable § 1983 claim against a properly named defendant or defendants, it is hereby ORDERED that:

1. The motion (Doc. 4) to dismiss is GRANTED.

2. The Clerk of Court is directed to TERMINATE the State Correctional Institution at Rockview Medical Department as a party to this action.

3. Plaintiff is granted leave to file an amended complaint on or before December 24, 2019.

4. The amended complaint shall contain the same case number that is presently assigned to this action, 1:19-CV-993, shall be direct and concise, and shall stand alone without reference to any other document filed in this matter.

5. The amended complaint must name proper defendant(s) subject to suit under 42 U.S.C. § 1983, and must specify the offending actions taken by each defendant(s).

6. Failure to timely file an amended complaint and comply with the direction of this order may result in dismissal of this action.

S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania